UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BILLY RODRIGUEZ CASTRO,

Petitioner,

v. Case No.: 2:26-cv-02950-SPC-NPM

WARDEN, GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

______________________________/

**OPINION AND ORDER**

Before the Court are Billy Rodriguez Castro's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 3).

Rodriguez Castro is a native of Cuba who entered the United States on August 22, 2022, to seek asylum. Immigration and Customs Enforcement (ICE) commenced removal proceedings by issuing a notice to appear and released him into the country on an order of release on recognizance. Rodriguez Castro timely applied for asylum, and he stayed out of trouble and complied with all terms of the order until August 11, 2025, when local police arrested him for driving under the influence of alcohol. ICE issued an immigration detainer and took custody of Rodriguez Castro after his release from jail on $1,000 bond.

On February 20, 2026, Immigration Judge Stuart Siegel ordered Rodriguez Castro removed to Cuba. Rodriguez Castro timely appealed, so the removal order is not administratively final. Rodriguez Castro did not receive a bond hearing until July 1, 2026, when an immigration judge denied bond because, "Respondent has not met his burden to establish that he does not present a danger to the community, and that he does not present a risk of flight." (Doc. 5-1 at 1).

Rodriguez Castro argues his continued, prolonged detention violates the Due Process Clause of the Fifth Amendment and the Immigration and Nationality Act. "It is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (internal quotation marks and citation omitted).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous

deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh in Rodriguez Castro's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas*, 533 U.S. at 690. Second, the risk of erroneous deprivation of that interest is substantial here. While there is no hard limit on how long a noncitizen can be detained under § 1226(a), the longer the duration of Rodriguez Castro's detention, the greater the deprivation of his right to liberty. In the context of post-removal-order detention under § 1231, the Supreme Court limited the presumptively reasonable period of detention to six months. *Id.* at 701. The Court noted "that Congress previously doubted the constitutionality of detention for more than six months." *Id.*

As the Supreme Court recognized in *Zadvydas*, facts that justify a brief period of detention might not justify a longer period of detention. *See id.* ("as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink"). The fact that Rodriguez Castro's detention now exceeds fifteen months and could continue indefinitely—the record contains no timetable for a decision from the Board of

Immigration Appeals—raises new constitutional concerns. But under the status quo, Rodriguez Castro has no opportunity to address them. The Court sees value in additional safeguards, like a bond hearing in which the government bears the burden of proof. *See Velasco Lopez v. Decker*, 978 F.3d 842, 853 (2d Cir. 2020) (comparing the ease with which the government can gather evidence with the hurdles faced by a noncitizen in prolonged detention).

Third, the government has not established any legitimate interest in continuing to detain Rodriguez Castro without presenting a justification. Remember: Judge Alexander put the burden on Rodriguez Castro to prove he is not a danger to the community or a flight risk. A bond hearing where the government bears the burden of proof will preserve the two goals of immigration detention—to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community—while accounting for the government's interest "in minimizing the enormous impact of incarceration in cases where it serves no purpose." *Velasco Lopez*, 978 F.3d at 854.

The Court will thus order the respondents to either bring Rodriguez Castro before an immigration judge for another bond hearing within ten days or release him under reasonable conditions of supervision while his removal proceeding is pending. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of evidence properly submitted

by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and the government must bear the burden of proof to justify continued detention. If the respondents are unable to ensure Rodriguez Castro receives a bond hearing that complies with this Order within ten days, they must release him, but they may impose reasonable terms of supervision.

Accordingly, it is hereby

**ORDERED**:

Billy Rodriguez Castro's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED in part**.

(1) Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Rodriguez Castro for an individualized bond hearing before an immigration judge or (2) release Rodriguez Castro under reasonable conditions of supervision. If the respondents release Rodriguez Castro, they must give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida, on November 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record